# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAULINE MARIE CASTRO,<br><br>Defendant. | Criminal Case No. 06-00001<br>Civil Case No. 07-00014<br><br><br>**ORDER** |

Defendant Pauline Marie Castro ("Castro") filed a "Motion to Reduce or Modify" ("Motion") on May 16, 2007. *See,* Docket No. 148. Castro argues that she is making a "plea for leniency" under FED. R. CRIM. P. 35(b). She asserts that a modification of sentence is warranted because she is "truly remorse" [sic] and that she has been adequately rehabilitated after serving nine months out of the sixty months incarceration imposed.

## *BACKGROUND*

On April 3, 2006, Castro pled guilty to two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The drug quantity alleged in Count I was 7.7 grams net weight of "ice," and for Count II the quantity alleged was 3 grams net weight of "ice."

On August 21, 2006, the Honorable Judge Ronald B. Leighton sentenced Castro to the statutory minimum imprisonment of five years (60 months) as set out in 21 U.S.C. § 841(b)(1)(A)(viii) with respect to Count I. Regarding Count II, Castro received a concurrent sentence of fifty-seven (57) months. *See* Judgment, Docket No. 119. Castro did not appeal her sentence. On May 16, 2007, Castro filed the instant motion to "Reduce or Modify Sentence."

## *DISCUSSION*

*Claim Pursuant to FED. R. CRIM. P. 35.* In review of the relevant sections of 18 U.S.C. 3582(c)(1)(B),[1] it is clear that once imprisonment is imposed, the court's ability to modify it is extremely limited. A court is permitted to modify a sentence only on remand from the Court of Appeals, or if the defendant later provides substantial assistance to authorities. *United States v. Handa,* 122 F.3d 690, 691 (9th Cir. 1997) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35."), *cert. denied,* 522 U.S. 1083 (1998); *United States v. Alfeche,* 962 F. Supp. 1282, 1283 (D. Haw. 1996).

None of these grounds exist in this case. Only the government can move for a reduction of the sentence under FED. R. CRIM. P. 35(b), and in this instance the government has not taken such action, nor does Castro claim that she has provided such assistance. Rather, Castro makes an appeal to the court for leniency essentially asserting that she has "learned her lesson." Accordingly, FED. R. CRIM. P. § 35 does not confer the court with the jurisdiction to hear Castro's claim.

*Potential Claim Pursuant to 28 U.S.C. § 2255.* The court cannot construe this motion as a claim brought pursuant to 28 U.S.C. § 2255. In her motion, Castro is asking the court to modify her sentence because of her subsequent adjustment in prison. In short, Castro does not challenge the validity of Judge Leighton's sentence; but asks for the court to consider that she has been sufficiently rehabilitated.

28 U.S.C. § 2255 allows persons in federal custody to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by a court.[2] *See, United*

---

[1] The statute provides in pertinent part "the court **may not modify** a term of imprisonment once it has been imposed except that in any case the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." (Emphasis added).

[2] The statute states, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

*States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979). Since such a challenge calls into question a conviction's finality, collateral relief is an extraordinary remedy that should only be granted when a fundamental defect could have resulted in a complete miscarriage of justice, or the rudimentary rules of fair procedure were not followed. *United States v. Timmreck*, 441 U.S. 780, 783, 99 S. Ct. 2085, 2087 (1979).

The grounds for collateral attack under section 2255 are narrowly limited. *See Addonizio,* 442 U.S. at 184. Cognizable challenges under 28 U.S.C. § 2255 must assert either (1) that a sentence was imposed illegally; (2) that the court lacked jurisdiction to impose the sentence; (3) that the sentence imposed exceeds the maximum authorized by law; or (4) that the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255; *Addonizio,* 442 U.S. at 185; *United States v. Mett,* 65 F.3d 1531, 1537 (9th Cir.1995). Castro's motion is based on factors other than those contemplated in § 2255. As such, Castro's motion is not cognizable under § 2255.

Accordingly, the Court finds that FED. R. CRIM. P. 35 and 28 U.S.C. § 2255 do not provide Castro with a valid form of post-conviction relief. Therefore, Castro's Motion to Reduce or Modify Sentence is hereby **DENIED**.

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Jun 07, 2007

---

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.